JUNE TERM,
1853.

The State of
Wisconsin
vs.
Leahy.

On all the questions raised at the trial, we think the judge's ruling correct.

The judgment must therefore be affirmed.

## THE STATE OF WISCONSIN,

*vs.*

## EDWARD LEAHY.

The Circuit Court for one county, may lawfully continue its session therein, after the day appointed for the holding of the Circuit Court of another county, of the same circuit.

The judge of the Circuit Court may, when the business requires it, protract the term in one county, after the day appointed for the commencement of the term of another county, and may call upon another circuit judge to hold the court in the latter county.

This case was reported by the judge of the Circuit Court of Columbia county, to this court, for opinion upon a question of law which arose at the trial.

The defendant was indicted for murder. He was tried at the April term, 1853, of the Circuit Court of Columbia county. This April term commenced on the second Monday, and the April term for Sauk county, in the same circuit was appointed by law to be held, commencing on the third Monday of the same April. The trial commenced on Thursday of the week, and continued until Wednesday of the third week. The prisoner was convicted, when the question was raised, whether the court could lawfully be

held in the county of Columbia, after the day ap-

pointed for the commencement of the term in Sauk
county.

*Estabrook*, attorney general for the State, cited 7
*Law Library*, 713.

*Geo. B. Smith*, for the defendant, cited *Art.* 8,
*Const. Wis.*, *Sec.* 2 *and* 11 ; 18 *J. R.* 187 ; 1 *id.*
66 ; 2 *Johns. Ca.* 301 ; 3 *Dal.* 17 ; 2 *Scams.* 303 ;
*id.* 227 ; 1 *Greene (Ia.)* 406 ; 2 *id.* 559.

[We were promised a synopsis of the argument of
the counsel for the defendant, and have delayed the
completion of the manuscript in the hope of obtain-
ing it. But we are compelled to send this case to
press without it. This is regretted, for the question
raised is comparatively novel, and was argued with
great ability.]

*By the Court*, Whiton, C. J. In this case the de-
fendant was convicted of the crime of murder, in the
Circuit Court for the county of Columbia. A ques-
tion of law arising at the trial, having been deemed
by the judge, so important as to require the opinion
of this court, the case has been reported to us pur-
suant to the statute. *R. S. Chap.* 148, § 8.

The question is, whether the court was lawfully
held, at the time of the conviction.

It appears, from the report of the judge, that the
term of the court, held for the county of Columbia,
at which the defendant was convicted, commenced
on the second Monday of April, and that a term of
the Circuit Court, as provided by statute, was to be
holden on the third Monday of the same month, for
the county of Sauk. It further appears, from the re-

JUNE TERM
1853.

The State of
Wisconsin
vs.
Leahy.

port, that the trial of the defendant was commenced on Thursday, of the first week of the term, but was not concluded until the following Wednesday. As the counties of Columbia and Sauk belong to the third circuit, it is contended, that the court could not, lawfully, hold its sittings in the former county, after the arrival of the time fixed by law, for the commencement of the term in Sauk county ; that the statute declaring that a term of the court should be held in Sauk county, on the third Monday of April, had the same effect upon the duration of the term in Columbia, as though it had expressly declared, that the term held for that county, should close when the third Monday of April arrived. A number of cases were referred to, at the argument, by the counsel for the defendant, to support this position. In the case of *Archer vs. Ross*, 2 *Scam. R.* 303 ; *Davis vs. Fish*, 1 *Greene R.*, 406 ; *Gabel vs. The State*, 2 *id.* 559 ; the court held that no valid act could be done by the court holding a term for a county, after the time appointed by law, for holding a term in another county, had arrived.

In the case of *Archer vs. Ross*, above referred to, the facts were these : The court was holding a term in Pike county, and during the term, appointed a special term for the same county, to commence on the day appointed by law, for the commencement of a term in Calhoun county. The court say : " This was the day the judge of the first circuit was required by law, to hold a Circuit Court in the county of Calhoun. It was the day of the commencement of the regular term in that county, and the law imperatively required the judge to attend and open such court at such time, if practicable. On the ground of

the direct interference with his duty, we are of the opinion that the special term was unauthorized. The term of the Pike County Court had expired by the limitation of law, and the judge would have been justified in adjourning the Circuit Court of Pike before the time limited for its expiration, if it had become necessary to do so, for the purpose of travelling to the county seat of Calhoun, in order to commence the term on the day appointed by law." The reasoning of the court does not seem very clear. If the arrival of the time fixed by law for the commencement of the term of a court in a county, operates as a termination of the term in the county where the court is next previously held, such an effect will follow without any regard to the duty of the judge to hold it. If the act of the Legislature appointing a term of the Circuit Court, in Sauk county, on the third Monday of April, made it impossible to continue the term in Columbia after that day had arrived, this result follows, not because it was the duty of the judge to hold a court, at the county seat of Sauk County on that day, but because the time limited by law, for the holding the term in Columbia had expired ; for it must be admitted that the court could lawfully continue in Columbia, until the time fixed by law for its continuance had elapsed, and it by no means follows that, because it was the duty of the judge to hold a term of the court in Sauk, he could not continue the term in Calumbia, and render judgments and sign decrees, which would bind the suiters in the court, as effectually as though the continuance of the term did not include a violation of duty on his part. A violation of duty on the part of the judge, does not, of necessity, make the proceedings of

JUNE TERM,
1853.

The State of
Wisconsin
vs.
Leahy.

the court over which he presided void. The question then recurs, did the act of the legislature fixing the time of the commencement of the term in Sauk county on the third Monday of April, have the effect to close the term in Columbia when that day arrived? We think it would be violating the plainest rules for the construction of statutes to give it such an effect. But, admitting that such would be its effect, if the continuance of the term in Columbia after the third Monday of April had arrived, would, of necessity, have prevented the holding of the term in Sauk, at the time appointed by law; still, under the Constitution of this State, such a consequence would not follow. Our Constitution, article 7, section 11, contains the following provision:

"The judges of the Circuit Court may hold court for each other, and shall do so, when required by law."

It will be seen from this provision, that the only reason which can be urged in favor of the position contended for by the counsel for the defendant, fails in its application to the Circuit Courts of this State; for there was no necessity for the presence of the judge of the Third Circuit at the county seat of Sauk county on the third Monday of April, in order that a court might be held there on that day. The duty of holding the term might have been performed by another judge; and, it would undoubtedly be the duty of a circuit judge, who was engaged in holding a term of his court, and who had important business before him which he could not complete, before the time appointed by law for the holding of a term in another county in his circuit should arrive, to procure, if possible, the judge of another circuit to hold the term until he should be relieved. Whether this was done

in the present instance, the report of the judge does
not show. It was stated at the argument, that the
clerk of the Circuit Court of Sauk county adjourned
the court from day to day, from the third Monday of
April until the succeeding Wednesday, as provided
by the statute (*Session L.* 1852, *p.* 502) ; and on that
day the judge attended and opened court, as the
statute above referred to provides. As, by force of
the statute, the adjournment of the court by the clerk,
from day to day, until Wednesday, and the presence
of the judge on that day, prevented the loss of the
term, it was contended by the Attorney General that
the effect of these proceedings must be the same, as
though the term in Columbia has closed before the
third Monday in April, and the term had been com-
menced in Sauk on that day. But, as the report of
the judge does not disclose the facts relied on by the
Attorney General, we have not felt at liberty to notice
them.

Upon the whole, we are of the opinion, that the
conviction of the defendant was regular, and that there
is no cause for arresting the judgment.