## WRIGHT VS. THE NORTHWESTERN UNION RAILWAY COMPANY.

ADJOURNMENT OF COURT. *Cause partly tried, and completed at next term, judgment void, unless parties consent.*

WAIVER. *Proceeding to trial when objection to jurisdiction overruled, not, when.*

1. Under ch. 22, Laws of 1871, the county court of Milwaukee county could not continue its September term in 1874 beyond the first Monday of October following.

2. Where, therefore, a trial before a jury was commenced at said September term, and, not being completed for want of time, was on the 2d of October adjourned to the first Monday of that month, and then continued before the same jury against defendant's objection, the judgment was void for want of jurisdiction. *State v. Leahy,* 1 Wis., 258, distinguished.

3. Defendant's proceeding to litigate the cause after his objection was overruled, was *not a waiver* of the objection.

4. What the effect would have been, if defendant had failed to object to the trial at the October term, or had expressly stipulated for it, is not here determined.

APPEAL from the County Court of *Milwaukee* County.

The defendant railway company instituted proceedings to condemn to its use certain land of the plaintiff in the city of Milwaukee, which resulted in an award of damages by commissioners duly appointed for that purpose. The plaintiff appealed from such award to the circuit court, and the place of trial was afterwards changed to the county court of Milwaukee county.

The trial commenced in the latter court at the September term thereof, to wit, September 28, 1874; and, not being completed during that term for want of time, was, on the 2d of October, adjourned to Monday, October 5, 1874, which was the day appointed by law for the commencement of the October term of such county court. The defendant objected to such adjournment. At the time appointed the trial proceeded before the same jury (the defendant duly objecting thereto),

and terminated, on the 8th of the same month, in a verdict and judgment for larger damages than were awarded by the commissioners.

Throughout the trial, as well before as after the adjournment, the railway company contested the case on the merits; and it appealed from the judgment.

*Mariner, Smith & Ordway,* for appellant, argued, *inter alia,* that by section 3 of ch. 22, Laws of 1871 (which is quoted at length in the opinion), any common law right of the court to continue unfinished business until the next term was taken away. The statute making use of negative words must be regarded as imperative (*State v. Hilmantel,* 21 Wis., 571), "and so controls the common law that it has no force in opposition to the statutes." Potter's Dwarris, 74. To the point, that at the expiration of a term the powers of the court for that term, and of the jury convened for the term, are at an end by operation of law, they cited *People v. Goodwin,* 18 J. R., 207; *Archer v. Ross,* 2 Scam., 303; *Davis v. Fish,* 1 Greene (Iowa), 406; *Grable v. The State,* 2 id., 559; *United States v. Hamilton,* 3 Dal. 7; *Mahela v. State,* 10 Yerg., 532; 2 Gra. & Wat. on New Trials., 106, note 1; *State v. Ephraim,* 2 Dev. & Bat., 162; *U. S. v. Percy,* 9 Wheat., 579; *Ex parte McLaughlin,* 41 Cal., 216; *Commonwealth v. Purchase,* 2 Pick., 521; *People v. Thompson,* 2 Wheeler's Cr. Cases, 473; *People v. Cage,* 48 Cal., 323.

*Jenkins & Elliott,* for respondent, insisted, that the jurisdictional point, whether possessing merit or not, was waived by the continued appearance in court of the appellant. The court had jurisdiction of the subject matter and person. If jurisdiction was lost by the close of the term, it was simply the right to compel a trial of the issue then and there; mere personal jurisdiction objection to want of which could be waived. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes, except to make the objection. *Lowe v. Stringham,* 14 Wis., 225; *Oren v. Krones,* 17 id., 401; *Northrup v. Shepard,* 26 id., 220; *Grantier v. Rose-*

*crance,* 27　id., 488 ; *Anderson v. Coburn,* id., 558 ; *Ins. Co. N. A. v. Swineford,* 28 id., 257 ; *Baizer v. Lasch,* id., 268 ; *Price v. Security Ins. Co.,* 29 id., 270 ; *Damp v. Town of Dane,* id., 419 ; *State v. Richmond,* 26 N. H., 232.

LYON, J. It is claimed on behalf of the railway company, that the proceedings in the cause, after the time fixed by law for the commencement of the October term of the county court, were *coram non judice,* and that the judgment ought to be reversed for that reason.

The statute by which it must be determined whether the court had authority to postpone the trial, after it had commenced, beyond the expiration of the term at which the jury was impaneled and sworn, and for which the cause was noticed, and to complete it during the subsequent term, is ch. 22, Laws of 1871. The first section of the act fixes the terms of the *circuit* court for the county of Milwaukee. Secs. 2 and 3 are as follows :

" Section 2. The terms of the county court of Milwaukee county shall be held on the first Monday of January, the first Monday of February, the second Monday of March, the first Monday of May, the first Monday of June, the first Monday of September, the first Monday of October, the first Monday of November, and the first Monday of December. No jury shall be summoned for either of said terms except for those appointed to be held on the second Monday of March, and on the first Mondays of June, September and December."

" Section 3. Either of said courts may adjourn its terms from time to time to any day occurring before the day appointed for its next ensuing term, and both of said courts may lawfully be held at the same time, in case the business in either shall not be fully transacted at the times appointed by law for the other to be held, or in case either may be adjourned to a day later than the first day of any term of the other. *Provided,* that no term of either of said courts shall be

continued beyond the day previous to the first day of the next ensuing term."

In plain and unmistakable language, this statute prohibited the adjournment of the September term of the county court to October 5, 1874. The postponement of the trial of this action to that day was, *pro tanto*, an adjournment of the September term "beyond the day previous to the first day of the next ensuing term." It was therefore irregular.

But it is argued on behalf of the plaintiff, that the continued appearance of the railway company after the adjournment cured the irregularity, which, it is said, goes only to jurisdiction of the person. We think it goes deeper than that. No doubt the court had, in a general sense, jurisdiction of the persons of the parties and of the subject matter of the action or proceeding; but it had no authority to try the case at the October term, 1874, against the objection of either party. To that extent the proceedings were *coram non judice*. Being so, the mere fact that after the objection to the trial going on had been overruled, the defendant continued to litigate the merits of the action, instead of abandoning the defense, is not a waiver of the irregularity.

The objection to the trial is not unlike a challenge to the array, the overruling of which, when good cause for challenge exists, is error, fatal to a judgment against the party challenging. And it is, doubtless, equally fatal to the judgment, even though such party should litigate the case on the merits, after such error was committed. What the effect would have been had no objection been taken to a trial of the present case at the October term, 1874, or had the railway company expressly stipulated that it should then be tried, we are not called upon to determine.

*The State v. Leahy*, 1 Wis., 258, does not aid the jurisdiction exercised in this case. It was there held that, when necessary, a term of the circuit court for one county might lawfully be

protracted beyond the time appointed for the commencement of a term thereof for another county in the same circuit.

The difference in the cases is, that in *The State v. Leahy* no statute interposed to prevent the term being protracted, while in this case the statute absolutely prohibited the postponement.

*By the Court.* — The judgment is reversed, and a new trial awarded.