Vincent MITCHELL,
Petitioner–Appellee,

v.

Robert HOKE, Superintendent, Eastern
Correctional Facility,
Respondent–Appellant.

No. 1319, Docket 90–2576.

United States Court of Appeals,
Second Circuit.

Argued April 2, 1991.

Decided April 3, 1991.

Ernest Burstein, Asst. Dist. Atty., Kew Gardens, N.Y. (John J. Santucci, Dist. Atty., Queens County, Kew Gardens, N.Y., of counsel), for respondent-appellant.

Sam A. Schmidt, Barocas & Schmidt, New York City, for petitioner-appellee.

Before LUMBARD, WINTER and WALKER, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment granting Vincent Mitchell's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). Mitchell and a co-defendant were convicted in 1985 in New York State Supreme Court, Queens County, of robbery and menacing. The trial court permitted a police officer to testify concerning a lineup at which a witness to the robbery, who was not called to testify, identified Mitchell as the perpetrator. Judge Weinstein concluded in a thorough and well-reasoned opinion that the admission of this hearsay testimony violated Mitchell's Sixth Amendment right to confront the witnesses against him and granted the writ. 745 F.Supp. 874. We agree and affirm.

The state's case against Mitchell consisted of the testimony of Bobby Jones, one of the victims of the robbery, and Detective Robert De Leon. Jones testified that on the night of the robbery, he was with three friends, Elliot Primus, Mitchell Warren, and Jerome Trim. At approximately three o'clock in the morning, five or six armed men attempted to hold them up. Warren and Trim ran away. The robbers stole Jones's ring, a gold chain, and a jacket. Jones testified that Mitchell participated in the robbery. Jones had seen Mitchell occasionally, the most recent encounter having been some four and a half years prior to the crime. Jones admitted to having had a couple of beers immediately prior to the robbery but denied having smoked marijuana that evening.

Detective De Leon testified as follows:
Q  Detective, I would ask that you look at [a photograph of the lineup] ... I asked you who it was that viewed that particular line-up?

2

A   Elliot Primus.

Q   And can you tell me who was in position number four in that line-up?

A   Vincent Mitchell.

Q   And Detective, did Mr. Primus pick anyone out of that line-up?

[DEFENSE COUNSEL]: Objection, Judge. Just what we discussed in the chambers.

THE COURT: He can answer that yes or no.

[DEFENSE COUNSEL]: Very well, Judge.

THE COURT: Exception noted.

A   Yes, he did.

Q   And pursuant to that did you effect an arrest, Officer?

A   Yes, I did.

Q   And who [sic] did you arrest?

A   Vincent Mitchell.

Mitchell then moved for a mistrial on the ground that De Leon's testimony was inadmissible hearsay. The motion was denied. Mitchell called Warren and Trim, who testified that Jones had been smoking marijuana and drinking before the robbery and that neither defendant had committed the robbery.

The jury returned guilty verdicts against both defendants. In September 1988, Mitchell's conviction was affirmed by the Appellate Division; the Court of Appeals subsequently denied leave to appeal. In September 1990, the district court granted Mitchell's petition for a writ of habeas corpus.

■   The sole question on appeal is whether the admission of De Leon's testimony concerning the lineup violated Mitchell's Sixth Amendment right to confront the witnesses against him. The primary purpose of the confrontation clause is to prevent out-of-court statements from being used against a criminal defendant in lieu of in-court testimony subject to the scrutiny of cross-examination. *Douglas v. Alabama*, 380 U.S. 415, 418–19, 85 S.Ct. 1074, 1076–77, 13 L.Ed.2d 934 (1965). The constitutional constraints on hearsay testimony thus protect the adversary system of justice and the accompanying preference for "face to face" accusation. *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538,

65 L.Ed.2d 597 (1980). As a result, a prosecutor may not introduce hearsay testimony concerning the statements of a nontestifying witness unless the witness is unavailable and the hearsay statement bears sufficient indicia of reliability. *Id.* at 66, 100 S.Ct. at 2539. However, the Supreme Court has also observed that the hearsay rules and the confrontation clause are intended " 'to protect similar values' and 'stem from the same roots.' " *Id.* (citations omitted) (quoting *California v. Green*, 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970), and *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970)). Thus, if evidence is admissible pursuant to "a firmly rooted hearsay exception," *id.*, it generally does not offend the confrontation clause. *See, e.g., Mancusi v. Stubbs*, 408 U.S. 204, 213–16, 92 S.Ct. 2308, 2313–15, 33 L.Ed.2d 293 (1972) (cross-examined prior trial testimony); *Pointer v. Texas*, 380 U.S. 400, 407, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965) (dying declarations).

■   Appellant argues that De Leon's testimony was admissible by analogy to the residual hearsay exception of Fed.R.Evid. 803(24). Under this exception, hearsay testimony concerning statements made by a declarant is admissible if it has sufficient circumstantial guarantees of trustworthiness and

the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed.R.Evid. 803(24). We disagree.

Even if we were to regard the residual exception as sufficiently "firmly rooted," to satisfy the Sixth Amendment right to confrontation, De Leon's testimony would not be admissible under it. The residual exception is limited to hearsay statements with "high probative value" and is to "be used very rarely, and only in exceptional circumstances." S.Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. &

Admin.News 7051, 7066. Outside the presence of the jury, defense counsel stated that Primus was available but had recanted his identification of Mitchell. The state challenged neither of these assertions. Primus's earlier identification of Mitchell can hardly be said to be of "high probative value" in light of his later denial of Mitchell's participation in the robbery.

Appellant suggests that Primus's recantation is the result of intimidation by Mitchell. Such intimidation by Mitchell would have constituted a waiver of his confrontation rights regarding Primus, *see United States v. Mastrangelo*, 693 F.2d 269, 272–73 (2d Cir.1982), and the pertinent acts of intimidation would be admissible as evidence of Mitchell's consciousness of guilt. However, the record is barren of any evidence of Mitchell's intimidation of Primus.

Appellant also argues that De Leon's testimony was admissible as a business record. This contention is frivolous. *See United States v. Oates*, 560 F.2d 45 (2d Cir.1977).

The evidence against Mitchell was in no way so overwhelming that De Leon's testimony can be said to have been harmless. We therefore affirm.