The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Citytrust, Plaintiff–Appellant,

v.

HILLCREST ASSOCIATES; Charles F. Stelljas; Jackie Chan; Thomas J. Scozzafava, Jr.; Donald A. Mitchell; Henry H. Moy; Paul F. Valluzzo; William Behari, Jr.; Robert F. Morlock; Hans C. Otto; Robin E. Otto; Adele Stelljas and People's Bank, Defendants–Appellees.

Prudential Securities, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc., Garnishees.

No. 1621, Docket 93–6372.

United States Court of Appeals, Second Circuit.

Aug. 29, 1994.

Present: WINTER, McLAUGHLIN, JACOBS, Circuit Judges.

ORDER

This appeal from the United States District Court for the District of Connecticut (Ellen B. Burns, *Judge*), came on to be heard on the transcript of record from said district court, and was argued by counsel. On consideration of the briefs and records and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the Connecticut Supreme Court a Certificate in the form attached, together with a complete set of briefs, appendices, and record filed by the parties with this court. This panel retains jurisdiction so that, after we receive a response from the Connecticut Supreme Court, we may dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the Connecticut Supreme Court.

ORDER

Certificate to the Connecticut Supreme Court pursuant to Local Rule 0.27 and Connecticut General Statutes § 51–199a.

Hillcrest Associates ("Hillcrest") is a Connecticut general partnership involved in real estate ventures. The named defendants were general partners of Hillcrest. On October 1, 1987, Hillcrest Associates entered into a mortgage agreement with Citytrust, a Connecticut bank. The mortgage—along with guaranties from the individually named de-

fendants—secured a promissory note with a principal of $1.6 million from Hillcrest to Citytrust. On January 22, 1991, Citytrust brought a foreclosure action seeking both (i) a judgment of strict foreclosure on the mortgage and (ii) a deficiency judgment. Citytrust also secured prejudgment remedies against the general partners of Hillcrest.

Citytrust was subsequently found insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the Receiver of Citytrust under the Federal Deposit Insurance Act, as amended, and under state law. On September 6, 1991, the FDIC removed the foreclosure action to the U.S. District Court for the District of Connecticut and the FDIC was substituted for Citytrust as the plaintiff in the present action, pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The foreclosure action and the action on the note were consolidated upon the motion of the FDIC. Magistrate Judge F. Owen Eagan granted the FDIC's motion for an entry of default against the defendants for failure to plead and District Court Judge Ellen B. Burns endorsed Magistrate Judge Egan's order.

The FDIC thereupon moved for a judgment of strict foreclosure on May 11, 1992. Magistrate Judge Eagan held a hearing on the motion on August 26, 1992. At the hearing the defendants consented to the entry of a judgment of strict foreclosure but asked to preserve the issues of the amount of debt, attorney's fees and the value of the mortgaged property for a hearing on a motion for a deficiency judgment.

The defendants requested that law days be set in the near future to stop the accrual of interest. The FDIC agreed to an early law day but requested more time before title vested because it wanted to finish an environmental assessment before deciding to take title in the property.

The Magistrate Judge set a law day for Hillcrest and the Hillcrest general partners for September 28, 1992, and a law day for the other lienholder—People's Bank—for September 29, 1992. The Magistrate Judge further ordered—pursuant to the parties' agreement—that the value of the mortgaged property would be set as of September 30, 1992. Finally, Magistrate Judge Eagan ordered that title would vest with the FDIC on November 1, 1992, and that a motion for a deficiency judgment would have to be filed within thirty days of November 1, 1992.

Upon request, the FDIC drafted an order incorporating the Magistrate Judge's rulings. Defendant's counsel reviewed the draft order and commented, *inter alia*, that the reference to the filing of a motion for a deficiency judgment might not belong in an order for strict foreclosure. The Magistrate Judge approved a final draft of the order, which incorporated some of the defendants' other suggestions, *nunc pro tunc*, on August 26, 1992. The dates as to law days, for setting the value of the property, for vesting of title, and for filing a motion for a deficiency judgment remained as specified above. The parties had no objections, and the District Court endorsed it on October 5, 1992.

The FDIC recorded a Certificate of Foreclosure on land records on November 4, 1992. The next day, the FDIC moved for a deficiency judgment against Hillcrest. On November 18, 1992, Hillcrest filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Hillcrest's motion to dismiss argued that the court had no subject matter jurisdiction because the FDIC had filed its motion over thirty days after the expiration of the "time limited for redemption" as set forth in Connecticut General Statute Section 49–14(a).

The Magistrate Judge's recommended ruling was that Hillcrest's failure to object to the order and judgment approved on August 26, 1992, estopped Hillcrest from subsequently arguing a lack of subject matter jurisdiction. This ruling also recommended that the court could extend the deadline for a deficiency judgment under principles of equity and that Hillcrest had waived its right to object to such an extension. Hillcrest objected to the recommended ruling and the district court held a hearing on September 23, 1993.

On November 23, 1993, the district court held that the thirty-day time limit on filing a deficiency judgment in Section 49–14(a) be-

gan to run on September 29, 1992. Therefore, the FDIC's motion for a deficiency judgment was not timely. The district court also found that the time limit in question was jurisdictional. Hence, the court lacked subject matter jurisdiction, a defect that cannot be cured by waiver. The district court denied a motion for reconsideration on January 25, 1994, while granting a stay of execution.

The FDIC appealed, arguing that the time limit of Section 49–14(a) commences running when absolute title vests in a new owner. Appellant argues that the right to redeem does not expire until title has vested, even if the law day associated with the owner of the mortgaged property has passed. Indeed, appellant asserts the existence of a right to redeem even if all law days have passed so long as title has not vested absolutely. *See Kilduff v. Adams, Inc.,* 219 Conn. 314, 593 A.2d 478 (1991); *Maresca v. DeMatteo,* 6 Conn.App. 691, 506 A.2d 1096 (1986).

Appellees respond that under Connecticut law the FDIC's discussion of when title vests is inapposite. Appellees assert that Connecticut is a title theory state; therefore, legal title passes to the first mortgagee upon delivery of the mortgage deed and the mortgagor retains a right of redemption. *See Leonard v. Bailwitz,* 148 Conn. 8, 166 A.2d 451 (1960); 3 Richard R. Powell & Patrick J. Rohan, Powell on Real Property ¶ 439 (1994). According to appellees, when the law days passed, the right of redemption expired, which triggered Section 49–14(a), and appellant's arguments regarding vesting are beside the point.

The parties have not put forth, nor has this court found, Connecticut precedent that directly addresses the application of the time limit of Section 49–14(a) to this issue.

Appellant also argues that even if the filing was not timely, Hillcrest waived any objection by its silence during the hearing before the Magistrate Judge and the drafting of the order setting the law days and the date of the vesting of title. Appellant emphasizes a Connecticut Supreme Court case interpreting a statutory predecessor to Section 49–14 that held that a deficiency judgment rendered after the ninety-day time limit for entering a deficiency judgment had run was valid because such time limit was not jurisdictional. *Dime Savs. Bank v. Pomeranz,* 123 Conn. 581, 196 A. 634 (1938).

Appellees respond that the time limit was jurisdictional and, therefore, not subject to waiver. Appellees assert that *Dime Savs.* is distinguishable because the statute in force at that time applied the relevant ninety-day limit to the court rather than to the plaintiff. Appellees point to the Connecticut rule that a time limit is jurisdictional if the limit applies to a right that did not exist at common law but was created by the statute enunciating the limit. *See Diamond Nat'l Corp. v. Dwelle,* 164 Conn. 540, 325 A.2d 259, 263 (1973); *see also DeMartino v. Sieman,* 90 Conn. 527, 97 A. 765 (1916).

Both parties cite *Ambroise v. William Raveis Real Estate,* 226 Conn. 757, 628 A.2d 1303 (1993), for the proposition that legislative intent controlled whether or not the time limit was jurisdictional, and both parties offered analyses of the legislative intent. Nonetheless, neither party has adduced an authoritative decision as to whether the time limit contained in Section 49–14(a) is jurisdictional.

We therefore certify the following questions of law to the Connecticut Supreme Court:

1. Does the owner of mortgaged property retain a right of redemption with respect to Conn.Gen.Stat. § 49–14(a) until absolute title becomes vested in another party?

2. If not, is the thirty-day time limitation contained in Conn.Gen.Stat. § 49–14(a) jurisdictional?

We believe that the Connecticut Supreme Court should resolve these questions because the time limit contained in Section 49–14(a) implicates the State's significant interest in the interpretation and enforcement of mortgage contracts executed within its borders. Moreover, such interpretation and enforcement is of importance to financial institutions holding mortgages. Emerging issues relating to environmental liability will render questions of whether to assume title to mortgaged property more difficult. As a result, whether law days can be split from the date

of the vesting of title and whether the time limit of Section 49–14(a) is jurisdictional may influence the relations between parties to numerous mortgage contracts.

Precedent from the Connecticut Supreme Court on these questions appears not to be dispositive, and Connecticut has an interest in its courts deciding them instead of having the only direct precedents arise from a ruling by a federal appeals court. The questions herein presented are likely to recur, and their resolution by the Connecticut Supreme Court would aid in the administration of justice.

We have no desire to restrict the Connecticut Supreme Court from considering any issues of state law in connection with this appeal. Hence, we would welcome any guidance from the Connecticut Supreme Court on issues of state law relevant to this appeal.