UNITED STATES of America,

v.

Lorenzo CONYERS, Defendant.

Crim. No. 93–252.

United States District Court,
District of Columbia.

May 19, 1995.

Michael Cornell Wallace, Federal Public Defender for D.C., Washington, DC and Alan Drew, Upper Marlboro, MD, for defendant.

Julie Ann Grohovsky, James Nelson Plamondon, Andrew S. Levetown, and John F. Cox, III, U.S. Attorney's Office, Washington, DC, for plaintiff.

*MEMORANDUM OPINION*

SPORKIN, District Judge.

The issue before the Court is whether the defendant may withdraw his guilty plea before sentencing because he was represented by an Assistant Public Defender who had been forbidden by the Public Defender from representing clients in Federal Court on a substantive basis. For the reasons set forth below, the Court finds that the defendant may withdraw his plea.

*Background*

On August 19, 1993 Defendant pled guilty to Counts One, possession with the intent to distribute 50 grams or more of cocaine base,[1] and Three, carrying a weapon during a drug trafficking crime,[2] of a four Count indictment before Judge Stanley Harris.[3] The plea agreement provided for a 20 year mandatory minimum sentence as required by 21 U.S.C. § 841 and a five year consecutive sentence pursuant to 18 U.S.C. 924(c)(1). Key to the plea was the written understanding that the Government would entertain a request for a letter under § 5K1.1 of the Sentencing Guidelines if the defendant fully cooperated with the Government.[4] Based on the cooperation agreement, the defendant was released on his personal recognizance.

Following his release, the cooperation agreement fell through.[5] On December 17, 1993 the government asked the Court to revoke Mr. Conyers' bond, and the Court issued an arrest warrant. On January 31, 1994, defendant was taken into custody. In March 1994, the Assistant Public Defender filed a motion on behalf of the defendant to withdraw the guilty plea based on an alleged breach of the cooperation agreement by the Government. Mr. Conyers then retained private counsel, Mr. Alan Drew, who on November 9, 1994 filed a second motion to withdraw the plea, this time on the basis that defendant had not been properly advised that in pleading he was giving up his right to contest the suppression of the drugs and gun that were in his vehicle at the time of his arrest.

The Court scheduled an evidentiary hearing to determine precisely what information the defendant had been given about his right to seek suppression of the evidence and his waiver of his rights at the time he entered into his plea agreement. During the course of the hearing, the testimony revealed that the Assistant Public Defender of record who actually had been assigned to defend the defendant had not appeared in Court on behalf of the defendant, worked on the motions filed, or participated in the plea negotiations. Another Assistant Public Defender, with the assent of the Assistant Public Defender of record, in effect took over the handling of the case including the negotiation of the plea. This de facto substitution of counsel was done without the knowledge of the Public Defender or of the defendant.

At the hearing, the Public Defender testified that because the Assistant had in the past not acquitted himself appropriately in his representation of defendants, he had been advised that he was not to handle cases like Mr. Conyers'. Specifically, he was told he was not to take over the substantive representation of any defendant in U.S. District Court. Thus, the Assistant who handled the case because he was deemed by the Public Defender not "up to" representing clients in U.S. District Court, was, in effect, not authorized to represent the defendant. There was no review of the plea agreement by any supervisory attorney in the Public Defender's Office.[6]

*Analysis*

When an Assistant Public Defender was provided for the defendant, he had a right to

---

1. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

2. 18 U.S.C. § 924(c)(1).

3. Judge Harris took the plea for this Court in its absence. Having reviewed the transcript of the plea colloquy, the Court finds that it was appropriate in every way.

4. The written plea agreement states:
[I]f the Departure Guidelines Committee of the United State's Attorney's Office for the District of Columbia after evaluating the full nature and extent of your client's cooperation, or lack thereof, determines that the [sic] your client has provided substantial assistance in the investigation or prosecution of another person who has committed any offense, then this of-

fice will file a motion pursuant to ... 5K1.1 of the federal sentencing guidelines in order to afford your client an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration ... than any mandatory minimum sentence required by statute.

5. The government and the defendant disagree as to the reasons for the breakdown of the agreement. That dispute is not material to this opinion.

6. The Court also finds that the Public Defender was not aware that the Assistant Public Defender was representing Mr. Conyers until after the guilty plea had been taken.

expect that his appointed lawyer would be duly authorized to handle his case in every respect and that he had been found by the Public Defender to have the requisite skills to do so. Particularly when counsel had negotiated the terms of a plea that provided for a possible 25 year sentence, Mr. Conyers had every right to expect that his counsel was authorized and competent to represent him in those negotiations, and that if the negotiations were unsuccessful he had a right to expect that his counsel was fully capable and competent to represent him in any ensuing trial. The testimony in Court revealed that Mr. Conyers was at no time advised he was being represented by counsel who had been removed from the substantive representation of clients in U.S. District Court and thus was not authorized to represent him. What is more, neither the Court nor the Assistant United States Attorney who negotiated the plea in good faith had any inkling of the Assistant Public Defender's infirmity.[7]

The undisputed facts compel the result in this case. The issue is not the plea agreement or knowledge of the defendant concerning certain of his rights.[8] What is at issue is whether defendant was being represented by counsel who was fully authorized to represent him and fully capable and competent to handle the matter in all phases of the criminal prosecution.[9] The Sixth Amendment requires that a defendant who waives his Constitutional right to a trial and faces the loss of his liberty is entitled to counsel who is duly authorized to represent him. This is particularly so when counsel is not only not authorized to represent the individual, but has been found by his office head not to possess the requisite skills to engage in such representation and has been directed not to engage in the substantive representation of office clients.[10]

The Court is not unmindful that the granting of a defendant's request to withdraw his plea must be based on the exercise of a Court's sound discretion. The Court believes that what took place in this case requires it to grant defendant's motion to withdraw his plea based on the fact that the defendant's lawyer was not authorized to provide him with full and complete representation in all phases of the proceeding.

### ORDER

The Court hereby **ORDERS** that defendant's motion to withdraw his guilty plea be **GRANTED.**

---

7. The Supreme Court long ago established that the Sixth Amendment guarantees a federal defendant a lawyer at trial. *See, e.g., Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The right to counsel has been extended to encompass every critical stage of the proceeding. *See, e.g., United States v. Cronic*, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657 (1984). Because of the integral role counsel plays in guaranteeing the fairness of criminal proceedings, denial of counsel is not subject to harmless error analysis. *See id.; see also Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). A guilty plea entered into by a defendant who did not have advice of counsel cannot be allowed to stand. *See Gallarelli v. United States*, 441 F.2d 1402 (3rd Cir.1971). The Court believes that *Gallarelli* requires not only that a defendant be represented by counsel, but also that the lawyer appointed to represent a defendant be duly authorized to engage in such representation.

8. An examination of the record pertaining to the acceptance of defendant's plea shows that the defendant was fully apprised of his rights and that the plea was in every respect properly accepted from the defendant.

9. Because the Assistant Public Defender's improper representation was much more likely to come to light if the case came to trial he had an incentive to encourage the defendant to accept a plea agreement. The defendant was not aware of this subtle conflict when he was deciding whether to accept the plea or go to trial.

10. The Public Defender has assured the Court that he has put in place procedures that would guarantee that counsel from his office who are representing defendants are duly authorized to do so.