Madon v. Laconia School District      CV-95-378-M      10/08/96 P
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Glenn Madon

       v.                                      Civil No. 95-378-M

Laconia School District and
Richard Ayers


                              O R D E R


       Plaintiff Glenn Madon, an employee of the Laconia School

District, brings this action pursuant to Title VII, 42 U.S.C.A.

§ 2000e-2(a)(1) and 42 U.S.C.A. § 1983, alleging that the

defendants discriminated against him based on his gender.  The

defendants move to dismiss both counts of Madon's complaint on

grounds that "same sex" harassment is not actionable under either

statute and that he has not alleged a separate claim under

§ 1983.  For the reasons that follow, the motion to dismiss is

granted in part and denied in part.


                         **STANDARD OF REVIEW**

       A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) is one of limited inquiry, focusing not on "whether a

plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## FACTUAL BACKGROUND

In light of the applicable standard, the court takes the facts alleged in the complaint as true. At the times relevant to the complaint, Madon was a teacher at Memorial Middle School in Laconia, New Hampshire. On four occasions between 1985 and the spring of 1993, the school principal "purposely came up behind Mr. Madon and groped Mr. Madon's anal region with his (the [p]rincipal's) hand. The [p]rincipal then moved away and laughed as if it were a joke." The encounters took place in an area of the school office where the mailboxes blocked others' view.

Madon told the principal in October 1993 that the contact was unwelcome and had caused him stress and upset him. Within a

2

week after their discussion, the principal again stood close behind Madon, violating his personal space, but did not touch him.  The incidents of close proximity without touching continued into the first part of the 1994 to 1995 school year.  Madon found the incidents to be intimidating.

On February 16, 1994, Madon informed the superintendent of schools, Richard Ayers, about the principal's conduct.  When Ayers received Madon's written complaint, he assigned an assistant superintendent to investigate.  Madon charges that the school district and Ayers did not take his complaint seriously.

Madon points to particular actions by the defendants that he contends show their lack of concern about him and the investigation of his complaint.  First, within weeks of Madon's complaint to Ayers, the mailbox area where the contact between Madon and the principal allegedly occurred was removed so that the area that Madon alleges was obscured from view became visible, seeming to contradict Madon's allegations.  Second, the district failed to provide coverage for Madon's classroom so that he could meet with the investigators and his representative.  Third, the investigator relied on the principal to gather Madon's and the principal's own personnel files.  And, the investigator used documents found in Madon's personnel file during an

3

interview with Madon and twisted the information in the documents against Madon.  Fourth, the investigator never contacted a witness that Madon named as being able to corroborate his story.  Fifth, Madon was interrogated "in a harsh and confrontive [sic] manner."  Sixth, the investigation report was not issued until May 4, 1994, despite promises of a quick investigation.  Seventh, the investigator found that Madon's charges could not be substantiated.  Eighth, Ayers first refused to provide the attachments referenced in the investigation report and then rewrote the report to delete references to the attachments.  Last, the defendants failed to take any measures to prevent contact between Madon and the principal or otherwise to protect him.

Madon asserts that the defendants did not believe his charges against the principal and did not properly investigate or protect him from the principal because he was a male complaining about sexual harassment by a male, although the same charges made by a female would have been treated differently.  Madon contends that the defendants' actions show that they discriminated against him because of his gender.

**DISCUSSION**

In their motion to dismiss, the defendants contend that Madon's Title VII claim should be dismissed because "same sex" sexual harassment is not actionable under Title VII. The defendants assert that Madon's § 1983 claim must be dismissed because the conduct he alleges does not violate a federal right and because Title VII provides the exclusive remedy for the single wrong that he alleges. The Laconia School District also moves to dismiss the § 1983 claim against it on the ground that respondeat superior claims are not actionable under § 1983. The issues raised in the defendants' motion are reviewed in order beginning with the challenge to Madon's Title VII claim.

**A.   Title VII Claim**

The defendants characterize Madon's Title VII claim as one alleging discrimination due to a hostile work environment created by the principal's sexual harassment. The defendants then point to decisions in which courts in other jurisdictions have held that actions by perpetrators who are the same sex as the victim do not constitute sexual harassment or create a hostile work environment that is actionable under Title VII. See, e.g., Oncale v. Sundowner Offshore Servs., Inc., 83 F.3d 118, 119-20

5

(5th Cir. 1996) (discussing Garcia v. Elf Atochem North America, 28 F.3d 446 (5th Cir. 1994)); McWilliams v. Fairfax County Board of Supervisors, 72 F.3d 1191, 1195-96 (4th Cir.), petition for cert. filed, 64 USLW 3839 (Jun 10, 1996); Martin v. Norfolk Southern Ry., Co., 926 F. Supp. 1044, 1048-50 (N.D. Ala. 1996). However, other courts have expressed the contrary view. See, e.g., Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1377-80 (8th Cir. 1996); Williams v. District of Columbia, 916 F. Supp. 1, 7 (D.D.C. 1995) (citing cases showing "considerable weight of authority" recognizing same-sex sexual harassment); King v. M.R. Brown, Inc., 911 F. Supp. 161, 166-67 (E.D. Pa. 1995); Griffith v. Keystone Steel & Wire, 887 F. Supp. 1133 (C.D. Ill. 1995); Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995).

The First Circuit has not directly addressed the issue, although a male employee's complaint of harassment by a male fellow employee, in the context of a Title VII claim, has been rejected for failing to show actionable harassment, but not because the victim and perpetrator were the same sex. See Morgan v. Massachusetts Gen. Hosp., 901 F.2d 186, 192-93 (1st Cir. 1990). Another judge in this district has held that charges of same sex harassment are actionable under Title VII. See King v. Hanover, No. 94-274-JD, slip op. (D.N.H. May 17, 1996); see also

Noqueras v. University of P.R., 890 F. Supp. 60, 62-62 (D.P.R. 1995) (sexual harassment of a female employee by her female supervisor actionable under Title VII); Bartholomew v. Delahaye, 95-20-B, slip op. (D.N.H. Nov. 8, 1995) (discussing female harassment of another female in Title VII context).

But, it is unnecessary to enter the fray over same-sex sexual harassment in this case. Contrary to defendants' characterization, Madon does not base his Title VII claim on his principal's[1] discrimination against him by creating a hostile work environment. Cf. Meritor Savings Bank v. Vinson, 477 U.S. 57, 66 (1986) (sexual harassment to the extent of creating a hostile or abusive work environment gives rise to a claim of sex discrimination under Title VII). Instead, his complaint is that the named defendants discriminated against him because he was male by failing to take his charges of sexual harassment seriously and by failing to adequately investigate his complaint or to protect him,[2] as they would have done had he been female.

---

[1]   Indeed, Madon has not included the principal as a defendant in this suit.

[2]   Although defendant Ayers, who was superintendent of schools during the events in question here, is also male, the defendants do not address the question of whether a male supervisor can discriminate against a male employee outside of the context of sexual harassment.

He contends that they would have treated a woman in his position differently. Although the underlying conduct by the principal that affected Madon's employment conditions is described as sexual harassment, the discrimination upon which this suit is based is the defendants' alleged disparate treatment of him in response to his complaint. Stated another way, Madon alleges that the defendants' discriminatory conduct occurred in response to his complaints about sexual harassment, rather than that the incidents of sexual harassment themselves constituted discriminatory conduct.[3]

Defendants' motion aims at a claim that Madon does not assert, leaving the Title VII claim he does assert unscathed.[4]

---

[3] Despite the difference between the Title VII claim alleged in Madon's complaint, as is described here, and the defendants' characterization of the claim in their motion to dismiss, Madon responds to the defendants' version and devotes most of his objection to countering the defendants' arguments against the viability of a claim for same-sex sexual harassment under Title VII.

[4] The plain language of the statute, 42 U.S.C.A. § 2000e-2(a)(1), prohibits discrimination based on sex:
It shall be an unlawful employment practice for an employer--
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.
However, as the defendants do not challenge Madon's discrimination

8

Accordingly, defendants' motion to dismiss Madon's Title VII claim is denied.

**B.** **Section 1983 Claim**

In his § 1983 claim, Madon alleges that the defendants violated his Fourteenth Amendment equal protection rights by failing to properly investigate his complaints about the principal's conduct toward him that caused him to be subjected to a hostile workplace environment. The defendants offer three separate grounds to dismiss Madon's § 1983 claim.

1. Same-Sex Sexual Harassment Not Actionable

Based on the same misperception of Madon's discrimination claim discussed above, the defendants assert that same-sex sexual harassment also does not constitute sexual discrimination for purposes of a claim under § 1983. As Madon's discrimination claim does not allege discrimination through same-sex sexual harassment, the defendants' argument is not relevant.

claim, it is not properly before the court for review, and this order makes no ruling as to the adequacy of the claim alleged.

9

2.  Title VII Preemption

The defendants contend that because Madon's Title VII and § 1983 claims arise from the same factual circumstances, Title VII preempts his § 1983 claim.  The defendants' argument raises another area of unsettled law.  The Supreme Court has held that Title VII preempts other similar employment discrimination claims brought by <u>federal</u> employees, <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 832 (1976), and that claims alleging a conspiracy to violate Title VII are not actionable under 42 U.S.C.A. § 1985, <u>Great American Federal Savings and Loan Ass'n v. Novotny</u>, 442 U.S. 366, 378 (1979).  Before the Civil Rights Act of 1991, which amended Title VII to broaden the remedies available, courts generally recognized that Title VII was not intended to be the sole remedy for discrimination in public employment.  <u>Beardsley v. Webb</u>, 30 F.3d 524, 527 (4th Cir. 1994); <u>see also</u> <u>Lonsdorf v. Seefeldt</u>, 47 F.3d 893 (7th Cir. 1995); <u>Annis v. County of Westchester</u>, 36 F.3d 251, 254-55 (2d Cir. 1994); <u>Notari v. Denver Water Dept.</u>, 971 F.2d 585 (10th Cir. 1992); <u>Pontarelli v. Stone</u>, 930 F.2d 104, 113 (1st Cir. 1991); <u>Lipsett v. University of Puerto Rico</u>, 864 F.2d 881, 896-97 (1st Cir. 1988).

Since the 1991 amendments, courts that have addressed the question whether Title VII preempts § 1983 constitutional claims

for employment discrimination have reached varying results. See, e.g., Waid v. Merrill Area Public Schools, 91 F.3d 857, 861-62 (7th Cir. 1996) (claims for relief covered by Title VII are preempted, others are not); Jackson v. City of Atlanta, Tx., 73 F.3d 60, 63 (5th Cir.) (Title VII preempts § 1983 claims of discrimination in public employment arising from the same facts), petition for cert. filed, 64 USLW 3823 (Jun 04, 1996); Beardsley, 30 F.3d at 527 (1991 amendments to Title VII do not indicate Congress's intent to preempt other remedies, therefore § 1983 claim not preempted). The First Circuit has not considered the issue since the 1991 amendments to Title VII and judges within the district of Puerto Rico, where the preemption issue has arisen, disagree. Compare Marrero-Rivera v. Department of Justice, 800 F. Supp. 1024, 1031-32 (D.P.R. 1992) (holding that the 1991 amendments to Title VII provide comprehensive remedy for employment discrimination and preempt all other causes of action including § 1983 actions) with Ribot Espada v. Woodroffe, 896 F. Supp. 69, 70 (D.P.R. 1995) (holding that Title VII does not provide exclusive remedy for claims of employment discrimination). As the First Circuit has not reconsidered its decision in Lipsett, 864 F.2d at 896-97, which it followed in Pontarelli, 930 F.2d at 113, Lipsett provides the rule for this

11

case, permitting concurrent causes of action for employment discrimination under Title VII and § 1983.

### 3. Municipal Liability Under § 1983

The Laconia School District asserts that Madon has failed to state a claim against it because his allegations rely on a theory of respondeat superior. A claim under § 1983 against a municipal entity, such as a school district, must be based on a municipal policy, custom, or practice that caused, or was a moving force behind, a deprivation of the plaintiff's constitutional rights, and cannot rest on a respondeat theory. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Therefore, to state a claim against the school district, Madon must allege that:

> (1) a municipal policymaker intentionally adopted a policy, implemented a training protocol or allowed a custom to develop; (2) the challenged policy, training protocol or custom caused a violation of federally protected rights; and (3) the policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the policy, training, protocol, or custom.

Penney v. Middleton, 888 F. Supp. 332, 340 (D.N.H. 1994) (citing Canton v. Harris, 489 U.S. 378, 385 (1989)). Although Madon alleges that the defendants' discrimination against him was the "result of the official practices and actions of agents and

12

employees of the District" and that those actions were "adopted and supervised by Defendant Ayers," he does not allege that Ayers or any other individual involved in the investigation was a policymaker for the school district. Without an identified policymaker or allegations sufficient to support a conclusion that a policy or custom existed, the actions of district employees do not give rise to a claim for municipal liability under § 1983. Madon provides no further explanation of his theory upon which the school district might be held liable, and he appears to have tacitly waived that claim.[5] Accordingly, Madon's § 1983 claim against the Laconia School District is dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (document no. 10) is generally denied, except that it is granted as to plaintiff's § 1983 claim against the Laconia School District.

---

[5] Madon did not object to the defendants' motion to dismiss his § 1983 claim against the school district.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 8, 1996

cc:   Steven R. Sacks, Esq.
      Edward M. Kaplan, Esq.