Eaton v. Photocomm                    CV-98-57-JD    02/05/99

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Robert E. Eaton, Jr.
and Cynthia R. Brighton

        v.                              Civil No. 98-57-JD

Photocomm, Inc., et al.


                          O R D E R


     Plaintiffs, proceeding pro se, filed suit alleging

securities fraud, racketeering, and related state law claims

pertaining to the acquisition of Photocomm Inc. by ACX

Technologies in 1997.  Defendants file renewed motions to dismiss

for lack of venue (documents nos. 55 and 56).  Defendant

PriceWaterhouseCoopers LLP moves to transfer the case to the

district of Arizona (document no. 57).  Plaintiffs do not object

to defendants' motions, but instead move to transfer the case to

Arizona (document no. 58).  For the reasons that follow, the case

will be transferred to the district of Arizona.


                          Background

     Plaintiffs, who are proceeding pro se, were stockholders of

an Arizona company, Photocomm Inc., in 1997 when ACX Technologies

acquired a controlling interest in and took over management of

Photocomm.  Plaintiff Robert Eaton remains a stockholder, and his

investment clients do or have owned Photocomm stock.  Plaintiffs allege misconduct by ACX and individuals working for or cooperating with ACX during its acquisition of Photocomm. Because the details of plaintiffs' allegations are not essential to a determination of venue in this case, a general summary of the facts alleged in the complaint will suffice.

Plaintiffs' complaint focuses on improprieties in ACX's acquisition process including misrepresentations of Photocomm's success and impairment of Photocomm's management.  In particular, plaintiffs allege wrongdoing by the defendants pertaining to Photocomm's 1997 annual meeting in Scottsdale, Arizona; Photocomm's subsequent financial commitments and accounting practices; and website reports and other publicity about Photocomm after the takeover.  Plaintiffs also allege that Eaton's business interests, as a registered representative of clients who owned shares of Photocomm, was damaged by Photocomm's mismanagement and was further damaged by defendant John Coors's memorandum to Photocomm's employees discrediting Eaton.  In summary, plaintiffs contend that defendants' actions during and after ACX's takeover of Photocomm in 1997 constitute misrepresentation and fraud, and they bring claims against particular defendants for securities fraud, civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §

2

1961, et seq., violations, breach of fiduciary duties, tortious interference with business relationships, breach of contract, defamation, and malpractice.

Plaintiffs brought suit against ACX; its subsidiaries, Golden Technologies, Inc. and Golden Photon, Inc.; its accounting firm, PriceWaterhouseCoopers LLP; Squire, Saunders and Dempsey, the law firm that represented Photocomm until the takeover; RDG Capital Markets Group, a public relations firm; and eighteen individuals who are or were officers or directors of Photocomm, ACX or both. While plaintiffs are residents of New Hampshire, the individual defendants are residents of Arizona, Colorado, and Minnesota; ACX and its subsidiaries are Colorado corporations; Squire, Saunders and Dempsey has an office in Arizona; PriceWaterhouseCoopers LLP, is a Delaware limited liability partnership; and RCG Capital Markets is an Arizona company.

Upon preliminary review, the magistrate judge found that plaintiffs alleged federal claims of securities fraud and RICO violations as well as state law claims that supported both federal question and diversity subject matter jurisdiction. Defendants moved to dismiss on a variety of grounds including improper venue. The court recognized that venue was a substantial issue but concluded that the record was insufficient to resolve the question and gave defendants an opportunity to

address venue with more specificity. Defendants have now renewed their motions to dismiss for improper venue, and one moves to transfer the case. Plaintiffs have moved to transfer the case.

Discussion

Most of the defendants argue that venue is improper as to them in this district under any applicable standard. Venue depends upon the basis of the court's subject matter jurisdiction. Here, the magistrate judge found subject matter jurisdiction based on both federal question and diversity of citizenship.

When jurisdiction is not based solely on diversity of citizenship, the general venue statute provides, "except as otherwise provided by law," a civil action may be brought:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(b). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction." § 1391(c). Because plaintiffs allege claims for securities fraud and RICO violations, the particular

venue provisions of those statutes also apply.[1]  The venue statute under the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78aa, provides for venue in any district in which "any act or transaction constituting the violation occurred" or where the defendant "is found or is an inhabitant or transacts business."  The RICO venue provision permits venue "in the district court of the United States in which [a defendant] resides, is found, has an agent, or transacts his affairs" and, in the case of multiple RICO defendants, in any district court where "it is shown that the ends of justice require that other parties residing in any other district be brought before the court."  18 U.S.C.A. § 1965(a) and (b).

When venue is challenged, plaintiffs bear the burden of showing that venue is proper in the district in which they brought suit.  See Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H. 1992). Plaintiffs here have decided not to contest defendants' assertions that venue is improper in this district and instead ask that the case be transferred to the district of Arizona, where all parties agree that venue would be proper.  The

---

[1]Although plaintiffs' RICO claims are not likely to survive a dispositive motion, see 18 U.S.C.A. § 1964(c) (Supp. 1998), it is not appropriate to decide the claim on the merits absent proper venue, see, e.g., Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994).

defendants who moved to dismiss ask that the court first consider dismissing claims against them for improper venue. Since venue is not improper in New Hampshire as to all defendants for all claims and since a dismissal for lack of venue is without prejudice, see Catz v. Chalker, 142 F.3d 279, 284 (6th Cir. 1998), in the interests of justice, transfer will be considered first, see 28 U.S.C.A. § 1406(a).

In order to transfer a case to another district, the court must first determine that venue would be proper in the district to which the case would be transferred. 28 U.S.C.A. §§ 1404(a) and 1406(a). The parties all agree that venue lies in Arizona. The most significant events alleged in plaintiffs' complaint occurred in Arizona, including Photocomm's 1997 annual meeting. The defendants all either reside in Arizona, or work or do business there. Based on the record presented here, the court is satisfied that venue is proper in Arizona.

Accordingly, in the interests of justice, the entire case will be transferred to the district of Arizona pursuant to both sections 1404(a) and 1406(a).

## Conclusion

For the foregoing reasons, defendants' motions to dismiss (documents nos. 55 and 56) are denied.  Plaintiffs' motion to transfer (document no. 58) and PriceWaterhouseCoopers' motion to transfer (document no. 57) are granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 5, 1999

cc:   Robert E. Eaton Jr., Esquire
      Timothy A. Gudas, Esquire
      Garry R. Lane, Esquire
      Cynthia R. Brighton, pro se