FILED
United States Court of Appeals
Tenth Circuit

January 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAGOBERTO ONTIVEROS,

    Petitioner - Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming State Prison; ATTORNEY
GENERAL OF WYOMING,

    Respondents - Appellees.

No. 18-8057
(D.C. No. 2:17-CV-00164-NDF)
(D. Wyo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Applicant Dagoberto Ontiveros, an inmate in the custody of the Wyoming

Department of Corrections, requests a certificate of appealability (COA) to challenge the

denial by the United States District Court for the District of Wyoming of his application

for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA for a

prisoner in state custody to appeal from the denial of relief under § 2254). He complains

that the "*Anders* Brief" submitted by his appellate counsel in state court was

constitutionally defective and that the Wyoming Supreme Court deprived him of his right

of direct appeal by accepting his counsel's brief and permitting him to withdraw.

Because Applicant has failed to make a substantial showing of the denial of a

constitutional right, as required by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

## I. BACKGROUND

Applicant was originally charged with first-degree murder but reached an agreement with the State to plead no contest to the charge of murder in the second degree. The penalty for second-degree murder in Wyoming is a sentence of 20 years to life in prison. The state district court sentenced Applicant to 20 to 24 years' imprisonment.

Applicant filed a notice of appeal with the Wyoming Supreme Court. Because he had pleaded no contest, which in Wyoming is equivalent in the criminal context to a plea of guilty, *see Martin v. State*, 780 P.2d 1354, 1356 (Wyo, 1989), he had waived all nonjurisdictional defenses, *see Smith v. State*, 871 P.2d 186, 188-89 (Wyo. 1994), leaving available only claims "that address the jurisdiction of the court or the voluntariness of the plea," *Kitzke v. State*, 55 P. 3d 696, 699 (Wyo. 2002). After speaking to Applicant, reviewing the entire case file, and examining other materials, his attorney—the senior assistant appellate counsel for the state public defender—filed a brief purportedly in accordance with *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw.

Although given the opportunity to submit a pro se brief, including two extensions of time, Applicant did not file anything on the merits. The Wyoming Supreme Court granted counsel's motion to withdraw and affirmed the district court's judgment and sentence, citing *Anders* and saying that "following a careful review of the record and the

2

*Anders* brief submitted by appellate counsel, this Court finds appellate counsel's motion to withdraw should be granted and the district court's 'Judgment and Sentence' should be affirmed." R. at 62.

Applicant's § 2254 application asserted that his no-contest plea was involuntary because of ineffective assistance of trial counsel and that he was denied his right to appeal by ineffective appellate counsel and by the Wyoming Supreme Court because of their failure to comply with *Anders*. The district court granted the State summary judgment, dismissed the case with prejudice, and denied a COA.

## II. STANDARD OF REVIEW

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 provides that an application for relief under § 2254 may not be granted unless the prisoner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Each issue must have been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d

3

1531, 1534 (10th. Cir. 1994). Applicant has not presented his § 2254 claims in state court. But this court may deny relief on the merits despite a failure to exhaust. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016) (a court confronted with a petition containing an unexhausted claim may "deny the entire petition on the merits" (internal quotation marks omitted)).

## III. DISCUSSION

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id*.

In this court Applicant does not pursue his claim of ineffective assistance of trial counsel but complains only about how his state appeal was handled. He contends (1) that his state appellate counsel was ineffective because he failed to file a proper brief after determining only that his appeal was "not meritorious," rather than that it was "frivolous"; and (2) that the Wyoming Supreme Court improperly permitted appellate counsel to withdraw rather than requiring the filing of a proper brief because it, too, did not make the finding of frivolity required by *Anders*.

4

Applicant reads too much into *Anders*. That decision set forth a constitutionally acceptable procedure but the Supreme Court did not say that it was the only possible acceptable procedure. As the Court later explained, "[T]he *Anders* procedure is not an independent constitutional command, but rather is just a prophylactic framework that [the Court] established to vindicate the constitutional right to appellate counsel." *Smith v. Robbins*, 528 U.S. 259, 273 (2000) (internal quotation marks omitted). Consequently, "States may . . . craft procedures that, in terms of policy, are superior to, or at least as good as, that in *Anders*." *Id.* at 276.

In particular, *Smith* approved a state procedure that did not require "counsel to explicitly describe the case as frivolous." *Id.* at 282. The Court recognized that requiring counsel to characterize the client's case as frivolous created tension between the counsel's duty not to present frivolous arguments to the court and the duty to further the client's interests. *See id.* at 281–82. The essential point is that appellate counsel submit a proper brief if there are any arguable (that is, not frivolous) issues. *See id.* at 277–78; *see also id.* at 280 (equating "frivolous" and "lacking in arguable issues").

In light of *Smith*, no reasonable jurist could debate that Applicant's state appellate counsel was ineffective. To begin with, counsel's brief attested that after he "conscientiously reviewed the entire file, as well as other materials, [and spoke] with his client," he could find "no appealable issues." R. at 47. Counsel stated that Applicant had raised three complaints about his prosecution, plea, and sentence: (1) his sentence was excessively harsh, (2) he did not commit second-degree murder, and (3) he was improperly induced to plead no contest because he thought he would receive probation.

5

*See* R. at 47. The next eight pages of the brief then carefully explained why there was no legal basis or factual support in the record for Applicant's complaints (the brief had earlier devoted three pages to the factual and procedural background and one page to the standard of review). Although counsel's appellate brief never used the term *frivolous*, there can be no doubt that counsel had concluded that Applicant had no arguable issues to present on appeal. Indeed, the first sentence of the brief's three-sentence conclusion stated that counsel had concluded "that there are no meritorious, *arguable issues* for appeal." R. at 57 (emphasis added). Thus, counsel satisfied his obligations under *Anders* and *Smith*, and was not constitutionally ineffective

In addition, no reasonable jurist could debate that the Wyoming Supreme Court denied Applicant's right to appeal by improperly permitting appellate counsel to withdraw without submitting further briefing. We recognize that the state supreme court did not explicitly state that on review it had concluded that the appeal was frivolous. But this is a matter of form rather than substance, and the court clearly complied with *Smith*. After citing *Anders* earlier in its order, the court wrote: "Now, following a careful review of the record and the '*Anders* brief' submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's 'Judgment and Sentence' should be affirmed." Order Affirming the District Court's Judgment and Sentence, R. at 62. A recitation of the requirements of *Anders* was unnecessary. We presume "that state courts know and follow the law," and we give state-court decisions "the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). In light of the state court's explicit recognition of the applicability of *Anders* and

6

the persuasive brief submitted by Applicant's state appellate counsel, we see no possible rebuttal of the presumption that the court's "careful review" included a determination that the appeal was frivolous.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge