RUFUS H. WHITFORD vs. ADA STRONG LEE.

First Judicial District, Hartford, May Term, 1922.

WHEELER, C. J., CURTIS, BURPEE, KEELER and KELLOGG, Js.

General Statutes, § 5451, prescribes that a term and session of the Superior Court shall be held at Litchfield in Litchfield County on the first Tuesday in October, which "shall continue, provided there is sufficient business to be transacted, until the Friday preceding the first Tuesday in December." *Held* that by force of this limitation the October term ended upon the Friday therein designated and could not legally be extended beyond that date.

Section 5524 of the General Statutes empowers a judge of the Superior Court who has commenced the trial of a civil cause, to continue the trial and render judgment after the expiration of that term; "but such trial shall be ended and judgment rendered before the close of the next term or session." *Held* that the trial of a civil cause, begun at the June term in Litchfield County, might be continued during the next or October term, but no longer; and that the resumption of the trial on the 21st day of December was unwarranted, and rendered the subsequent proceedings and judgment erroneous.

A litigant whose timely objection to proceeding with the trial, because

of an alleged lack of authority upon the part of the judge to hear the case, is overruled, does not waive his objection by thereafter going on with the trial upon its merits.

*It seems* that judicial notice may be taken of the annual allotment of judges of the Superior Court.

Argued May 2d—decided July 7th, 1922.

Suit to secure an adjudication that a certain written notice or claim of ownership of a driveway, filed by the defendant upon the land records of the town, constituted a cloud upon the plaintiff's rights and title in such driveway, and for other equitable relief, brought to and tried by the Superior Court in Litchfield County, *Maltbie, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.* ·

This action was heard by the court at the June term, 1920, in Litchfield County, and was retained by the trial judge for consideration until July 19th, 1920, when he filed a memorandum of decision covering certain issues arising upon the pleadings, and containing an order continuing the cause for further action by the court until the next term thereof.

The next term of the court for that county in that year was the October term, 1920, the provision for holding which is found in General Statutes, § 5451, which provides that there shall be held a term and session "at Litchfield on the first Tuesday in October, which term and session shall continue, provided there is sufficient business to be transacted, until the Friday preceding the first Tuesday in December." This provision was enacted in 1909, and was in force during the pendency of this action.

Taking judicial notice of the allotment of judges of the Superior Court for Litchfield, it appears that the October term of the court for Litchfield County was held by *Warner, J.,* and not by *Maltbie, J.*

The finding states that "thereafter the cause again came on for trial before the undersigned [*Maltbie, J.*] on December 21, 1920, the October term of the Superior Court for Litchfield County then being in session, and both parties appearing and offering testimony."

The finding further states: "As to the second hearing, in addition to reasserting the claims made at the first trial, the plaintiff claimed that the court had no right to proceed further because the next term of court after filing the court's 'memorandum ' on July 19, 1920, had expired by express provisions of the statutes. This claim the court overruled and the plaintiff excepted."

The trial judge proceeded with the hearing, additional testimony was introduced and additional findings made which were embodied in a second memorandum and in the judgment-file. Judgment for the defendant to recover costs was rendered by judgment-file dated January 3d, 1921.

*Leonard J. Nickerson* and *Frank B. Munn*, for the appellant (plaintiff).

*Howard F. Landon*, with whom was *Samuel A. Herman*, for the appellee (defendant).

KEELER, J. The plaintiff claims, upon the facts above recited, that the October term of the court had expired by express limitation of the statute (§ 5451), and was not in session and could not lawfully be in session on December 21st, 1920, when the trial judge resumed the hearing of the cause, nor on January 3d, 1921, when judgment was rendered; that in consequence of General Statutes, § 5524, which provides that a judge who shall have commenced the trial of an action "shall have power to continue such trial and

render judgment after expiration of the term or session of the court at which such trial commenced; but such trial shall be ended and judgment rendered before the close of the next term or session,"—the time had expired in which the trial judge could continue the trial of the action, and render judgment therein.

The defendant contends that notwithstanding the words of the statute, the October term could, at the discretion of the judge holding the same, be continued for the trial of causes until the commencement of the next term fixed by statute on the first Tuesday in February.

Prior to the enactment of the statute now in force, § 5524, above cited, a term of court might legally be continued or adjourned until the commencement of the next term in the county where held, and no longer. *Jaques* v. *Bridgeport Horse R. Co.*, 43 Conn. 32. Also a judge could hold a case under advisement for decision after the close of the term, but for that purpose only. *Sturdevant* v. *Stanton*, 47 Conn. 579. Both of these matters are now regulated by the statute last noted, and it has been held that only by consent of all parties can a judgment be rendered except as therein provided. *Lawrence* v. *Cannavan*, 76 Conn. 303, 56 Atl. 556; *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 55, 560, 86 Atl. 26.

It is not claimed by the defendant that the trial judge was holding a special session of the court either by agreement of the parties or upon twenty days' notice, as provided in General Statutes, § 5453, but she bases her contention upon the October term, 1920, being still lawfully in session, and that it might be lawfully in session until the term commencing in February, 1921, and that the statute of 1909, above referred to (§ 5451), had not altered the law in this regard. The objection to this view is that the construction gives

the Act of 1909 no force whatever as to the words relating to the closing of the session on the Friday "preceding the first Tuesday in December." It leaves the situation just where it was before the enactment of the present law.

Prior to the enactment of the statute of 1909, the provision for civil sessions of the Superior Court in Litchfield County was contained in General Statutes (1902), § 452, and reads as follows: "In the county of Litchfield, at Litchfield, on the first Tuesday in October, at New Milford on the first Tuesday in April, and at Winchester on the first Tuesday in February and June," etc. Pursuant to the provision of the statute last quoted, and having regard to the existing law as above set forth as to the continuance and length of sessions of the court generally, where no time is set for the ending of the session, the judge presiding at the session might in his discretion close and adjourn the same when the business brought forward had been completed, or he might continue to sit until the beginning of the next session held on the first Tuesday of February following. It is contended by the defendant that such judge may still do so. It is certainly, then, incumbent upon her to furnish some construction of the present statute which does not leave the provision for the ending of the session meaningless. An attempt to furnish such a construction is made by claiming that the mischief which the new statute was intended to obviate was the premature adjournment of the session, under the provisions of the earlier law, before all business ready for action had been transacted; and that the statute was intended to give the judges at their annual meeting an opportunity to allot judges so that one of their number might always be available for service in Litchfield county, at least until the Friday preceding the first Tuesday in December. This object

is undoubtedly accomplished by the Act of 1909, but we fail to see that this fact bears upon the statutory time of ending the session, claimed by the plaintiff to be absolutely and definitively fixed by the date last mentioned. It is significant that the Act of 1909 expressly provides for an adjournment of the court for lack of business at any date prior to the date named in the statute, and had the litigants of Litchfield county desired to retain their former privilege of a legal and possible extension of the session to the beginning of the February session, if business so required, a provision effectuating this object would undoubtedly have been included in the new legislation obtained in 1909.

It may also be observed that if, as claimed by defendant, the controlling reason for seeking the new legislation was the mischief of having the judge holding the October session adjourn the same before all business forthcoming had been disposed of, by reason of appointments elsewhere in the State, then this legislation was unnecessary, as, by the provisions of the law then existing, now General Statutes, § 5517, the Chief Justice is directed in such a contingency to assign some other judge to continue the session. If the construction claimed by the defendant as evidencing the legislative intent, be correct, and similar provisions were to be enacted as regards sessions in various other counties, the confusion that would ensue and the wasteful and uncertain employment of the time of the judges, is evident, all of which negatives the validity of such construction.

It certainly seems a fairer and more sensible interpretation of the legislative intent, in connection with the existing statutes affecting that county and the mischief to be remedied, that the object really desired to be effectuated, and which, by apt words, apparently

was effectuated, was to provide a fall session for the county of a duration likely to be ample for disposition of business, with a fixed beginning and termination, and that the words "until the Friday preceding the first Tuesday in December" had a definite legal significance of limitation, and were not merely a suggestion to the judges of the Superior Court as to allotments. Read by itself, this statute is in no way ambiguous or indefinite. It suggests, alike to the ordinary citizen and to the legal practitioner, a term or session of court with a definite beginning and end. Even with the pre-existing law in view, it in no way suggests a further period of jurisdiction continuing till the February session, during which the presiding judge might continue to sit, or any other judge come into the county and hold a session, compelling the attendance of parties litigant under peril of nonsuit or default. There seems to be no warrant in any fair consideration of legislative intent, to construe this statute otherwise than as prescribing a specific and final determination of the term of court on the last date expressed therein. If that be so, all proceedings thereafter, before the commencement of the next session, are illegal. "Where the time at which a term of court shall terminate is designated by law and no authority is conferred to continue it beyond such time, all proceedings at a continuance thereof beyond that time will be void." 15 Corpus Juris, p. 886, § 240. This expresses the general rule.

We can now consider the statute within its own four corners to ascertain its meaning from the terms actually employed. The vitally significant word in the Act is the word "until." If this word be construed as one of limitation and is used restrictively, as is usually the case where the context does not compel some other meaning, then the session ends on the Friday before

the first Tuesday in December. "The word 'until' is a word of limitation used ordinarily to restrict what immediately precedes it to what immediately follows it. Its office is to point out some point of time or the happening of some event when what precedes it shall cease to exist or have any further force or effect." *Maginn* v. *Lancaster*, 100 Mo. App. 116, 130. To the same effect is *State ex rel. Cosgrove* v. *Perkins*, 139 Mo. 106, 115, 40 S. W. 650. In *Webster* v. *French*, 12 Ill. 302, 304, the court, speaking of the word "until," says that it and the words "at," "before," "within," and the like, " are most generally used as words of limitation and indeed almost universally so, unless there are other controlling expressions in the connection, showing that a different meaning was intended. *Before* the first of July, and *until* the first of July, convey nearly, if not precisely the same meaning." See also *People* v. *Walker*, 17 N. Y. 502. The same significance is given the word in ancient cases. In *Nichols* v. *Ramsel*, 2 *Mod.* 280, the word *"usque "* (until) is held to be exclusive. *Wicker* v. *Norris*, Cases Temp. Hardwicke, 116, holds likewise as to the word "until."

We therefore conclude that from a consideration of the legislative intent interpreted by the situation leading to the enactment of the Act of 1909, and also from the wording of the Act itself, the October session of the Superior Court in Litchfield County ended in 1920 upon the Friday in November next preceding the first Tuesday in December, by express provision of law, and that said session could not legally be continued beyond that date.

It remains to consider the possible claim that the plaintiff waived his objection to the second hearing of the cause in December by proceeding further in the hearing after his objection to the right of the judge to conduct it had been overruled. He clearly had a

Whitford *v.* Lee

right to proceed after making timely objection to so doing. The court had originally had jurisdiction of the cause. Its judgment of January, 1921, hence was erroneous, but not void. *Lawrence* v. *Cannavan*, 76 Conn. 303, 56 Atl. 556. No burden was placed on the plaintiff to stake his case upon the correctness of his claim in this regard. He was entitled to make this claim, and then proceed with the further hearing on the merits. The objection to proceeding was made promptly and seasonably, and in the only way it could be made. In considering a case identical upon this point, the Supreme Court of Wisconsin observes in *Wright* v. *Northwestern Union Ry. Co.*, 37 Wis. 391, 394: "But it is argued on behalf of the plaintiff, that the continued appearance of the railway company after the adjournment cured the irregularity, which, it is said, goes only to jurisdiction of the person. We think it goes deeper than that. No doubt the court had, in a general sense, jurisdiction of the . . . parties and of the subject-matter of the action or proceeding; but it had no authority to try the case at the October term, 1874, against the objection of either party. To that extent the proceedings were *coram non judice*. Being so, the mere fact that after the objection to the trial going on had been overruled, the defendant continued to litigate the merits of the action, instead of abandoning the defense, is not a waiver of the irregularity."

There is error and a new trial is ordered.

In this opinion the other judges concurred.