JAMES FERGUSON *vs.* LOUIS SABO ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

620

Argued October 12th—decided November 8th, 1932.

*Anthony A. E. DeLucia,* for the appellants (plain- tiff and defendants DeLucia).

*Morris M. Wilder,* with whom was *Clifford B. Wilson,* for the appellees, defendants Sabo).

MALTBIE, C. J.  The plaintiff brought an action of foreclosure against the defendants Sabo, the mortgagors, and Philip A. Wood, who was alleged to claim an interest in the property by reason of an attachment. The action was returnable to the first Tuesday of June, 1930, and, no plea or answer having been filed, on June 27th, 1930, the court entered a judgment of strict foreclosure, fixing September 2d, 1930, as the law day for the Sabos and the next day, for Wood.  It is nowhere expressly found that neither the Sabos nor Wood redeemed the property, but the course of the subsequent proceedings makes it clear that they did not.  On September 12th, 1930, the Sabos filed a motion to open the judgment, which was granted on October 15th, 1930.  On November 24th, 1930, they filed an

answer denying all the essential allegations of the complaint and a counterclaim which alleged a fraudulent conspiracy between the plaintiff and Gennaro and Julia DeLucia and sought damages and certain equitable relief against the latter. The Sabos secured an order making the DeLucias parties to the action. On October 29th, 1931, the Sabos filed a substitute answer and counterclaim. On the same day the plaintiff filed an amended complaint and an amended reply to the answer and answer to the defendants' counterclaim. The DeLucias had already answered the counterclaim. With the pleadings in this condition the action was finally tried and on December 22d, 1931, the court filed its decision in which it found for the Sabos upon the complaint and counterclaim and held that they were entitled to recover damages of $3260 from the plaintiff and the DeLucias. On February 8th, 1932, the plaintiff and the DeLucias filed a motion to open and vacate the judgment on the ground that all proceedings in the action subsequent to the original judgment of foreclosure were null and void. The trial court denied this motion. The plaintiff and the DeLucias have appealed. The only grounds of error pressed are that the trial court erred in granting the motion to open the original judgment of foreclosure and denying the motion to open and vacate the last judgment.

Courts have an inherent power to open, correct and modify judgments at the same term at which they are rendered. *Wilkie* v. *Hall*, 15 Conn. 32, 37; *Hall* v. *Paine*, 47 Conn. 429, 430; *Tyler* v. *Aspinwall*, 73 Conn. 493, 497, 47 Atl. 755; *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114. Ordinarily a court may not modify a judgment at a term subsequent to that at which it is rendered, except in matters of clerical detail. *Tyler* v. *Aspinwall, supra,* 496; *Goldreyer* v. *Cronan*, 76 Conn. 113, 115, 55 Atl.

594; *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271, 282, 142 Atl. 891. To this rule there are certain exceptions, and one of them is that, if proceedings to vacate or modify a judgment are begun during the term at which it was rendered and continued to a later term the matter remains *in fieri* and the court may act upon it at a subsequent term. *Amy* v. *Watertown,* 130 U. S. 301, 313, 9 Sup. Ct. 530; *Grubb* v. *Milan,* 249 Ill. 456, 94 N. E. 927; *Wabash Ry. Co.* v. *City of Gary,* 191 Ind. 394, 132 N. E. 737; 1 Freeman, Judgments (5th Ed.) § 197; Anno. Cas. 1916D, 1261; 34 C. J. 212. In this case the motion to open the judgment was made before the end of the term at which it was rendered. Under our established practice all judicial proceedings undisposed of at the end of a term are continued to the next term without special order and this would include the motion. Though the court did not act upon the motion until a subsequent term, except for the statute hereafter referred to, there would be no question of its right to grant the motion and open the judgment.

Section 5084 of the General Statutes provides that any judgment of strict foreclosure may, at the discretion of the court, upon written motion and for cause shown, be opened and modified at the term during which it was rendered or the next following term, but that no such judgment shall be opened after the title to the property has become absolute in any incumbrancer. By reason of the failure of the defendants to redeem, their rights in the property had ceased, and the qualified title which the plaintiff had previously held under his mortgage had become an absolute one. *Nourse* v. *Lycett,* 114 Conn. 432, 437, 159 Atl. 277. Taken literally the statute would have prevented the opening of the judgment of June 27th, 1930, at any time after the last law day, September 3d, 1930. But if, because of the terms of this statute, there was error

in the action of the trial court in granting the motion to open the judgment, that error did not put without the jurisdiction of the court the proceedings which followed. We have dealt with very similar situations under the statute providing that a trial may be continued and judgment rendered after the expiration of the term or session of the court at which the trial was begun, but that the trial shall be ended and the judgment rendered before the close of the next term or session. General Statutes, § 5409. We have held that a judgment rendered after the time fixed in the statute is not void, but only erroneous and that the defect may be waived. *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 Atl. 556; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 Atl. 26; *Borden* v. *Westport,* 112 Conn. 152, 154, 151 Atl. 512; and see *Whitford* v. *Lee,* 97 Conn. 554, 562, 117 Atl. 554. This would be true of the granting of a motion to open a judgment of strict foreclosure after the title had become absolute in an incumbrancer. The granting of such a motion is not a final judgment permitting an appeal. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 Atl. 838. Had the plaintiff stood upon his original complaint and sought merely to recover upon that and to defeat the claim of the Sabos upon the counterclaim, he could not be held to have waived his right upon this appeal to take advantage of any error in the ruling upon the motion to open the original judgment. *Whitford* v. *Lee, supra.* But when he filed a substitute complaint and sought a judgment upon it, he invoked action by the court inconsistent with his claim that it had no power to proceed further with the matter and waived his right to take advantage of any error committed in opening the original judgment. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206,

214, 132 Atl. 390. Still less can the DeLucias take advantage of any such error. As far as the record discloses, when they were cited in they made no objection to the right of the court to litigate the issues raised by the counterclaim, filed their answer to it, and proceeded with the trial of the case. Having thus submitted the disposition of the case to the court without objection, they cannot, after the decision has gone against them, be heard to say that the court had no power to deal with the controversy as it affected them. *Preston* v. *Preston*, 102 Conn. 96, 122, 128 Atl. 292.

The appellants cannot avail themselves of any error of the trial court in opening the judgment of June 27th, 1930. The motion to rescind and vacate the judgment of December 22d, 1931, and to declare all the proceedings subsequent to the original judgment void is based upon the claim that, after the passage of the law day, the trial court was without jurisdiction to proceed with the matter. This claim, as we have pointed out, is without foundation and the motion was properly denied.

There is no error.

In this opinion the other judges concurred, except HAINES, J., who dissented.