DIME SAVINGS BANK *vs.* LOUIS POMERANZ.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 9th, 1937—decided January 5th, 1938.

*William M. Pomerantz,* for the appellant (defendant).

*Willis G. Parsons,* for the appellee (plaintiff).

MALTBIE, C. J. On January 17th, 1936, the trial court rendered judgment of strict foreclosure in this action, the period given for redemption expiring on February 3d, 1936. On February 5th, 1936, the plaintiff made a motion that a deficiency judgment enter, and on February 7th, 1936, the court appointed ap-

praisers. On February 13th, 1936, they filed two reports, one signed by two of them and the other by the third. On February 17th the defendant moved that the motion for a deficiency judgment be denied, and on February 21st filed a remonstrance to the report. Both the motion and the remonstrance raised issues of fact and the plaintiff filed answers to them, the last on March 9th, 1936. A hearing was had on March 30th, 1936. On May 12th, 1936, ninety-eight days after the time for redemption had expired, the trial court rendered a supplemental judgment for a deficiency in favor of the plaintiff. On May 25th, 1936, the defendant applied for an extension of time within which to file an appeal from that judgment, the time was extended to June 8th, 1936, and thereafter a series of extensions were granted without objection from the plaintiff, the last expiring on May 1st, 1937. On August 3d, 1936, the defendant filed a motion to vacate and annul the deficiency judgment on the ground that it was not rendered within ninety days after the time limited for redemption had expired, but no action was taken on this motion. A similar motion was made on May 4th, 1937, and this the trial court denied. The only ground of error assigned which it is necessary to consider is the entry of the deficiency judgment after more than ninety days from the expiration of the time limited for redemption.

The statute concerning the rendition of deficiency judgments provides that upon the motion of any party the court shall appoint three appraisers who shall, within ten days after the time limited for redemption shall have expired, appraise the property and report their appraisal to the clerk of court, and that the court in which such action shall be pending may, by supplemental judgment, at any time within ninety days after

the time limited for redemption has expired, if the appraisal and report thereof shall have been made, render judgment for the plaintiff for the difference between such appraisal and the plaintiff's claim. General Statutes, § 5083. We have held that a deficiency judgment rendered after the expiration of the ninety days allowed by the statute is not void for want of jurisdiction of the court to render it; *Equitable Life Assur. Soc.* v. *Slade,* 122 Conn. 451, 462, 190 Atl. 619; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 Atl. 844; but we have said that unless the party against whom it is rendered consents to its being entered or waives the objection it is erroneous. *Ferguson* v. *Sabo,* supra. This accords with our decisions in analogous cases arising under § 5409 of the General Statutes, which gives to a judge of the Superior Court or a Court of Common Pleas the power to continue a trial and render judgment after the expiration of the term at which the trial was commenced, but requires that the trial be ended and judgment rendered before the close of the next term or session. *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 Atl. 556; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 Atl. 26; *Borden* v. *Westport,* 112 Conn. 152, 154, 151 Atl. 512. Where a statute provided that a term of court should continue until a certain day, and the court continued the term, held a hearing and rendered judgment after that day, the judgment was held to be erroneous. *Whitford* v. *Lee,* 97 Conn. 554, 117 Atl. 554.

The Legislature having made a specific requirement as to the time within which a deficiency judgment under the procedure we have outlined shall be entered, in the absence of a waiver by the defendant of the right to object to the rendition of a judgment thereafter, we are not at liberty to set aside that requirement. Speaking of another provision in the statute

authorizing deficiency judgments, we said: "We may not countenance and justify violations of the rule although they be productive of no actual prejudice; the statute leaves no room for such indulgences." *People's Holding Co.* v. *Bray,* 118 Conn. 568, 573, 173 Atl. 233. Many of the considerations advanced by the plaintiff in support of the judgment might more aptly be presented to the Legislature in advocacy of a change in the statute. It should, however, be noted that there is reason why the summary procedure for a deficiency judgment should be restricted to a limited time, in order that the case before the court should be brought to an end, particularly as this procedure is not exclusive and a separate action may be brought to secure a judgment for any part of the debt not satisfied by the foreclosure of the land. *Bergin* v. *Robbins,* 109 Conn. 329, 333, 146 Atl. 724.

In the case before us the time fixed for redemption expired February 3d, 1936. Five weeks remained after the hearing on March 30th, 1936, before the expiration of the ninety-day period allowed for the entry of judgment, during which the matter might have been disposed of. Had the plaintiff called the requirement of the statute to the attention of the trial court within that time, no doubt a decision would have been rendered, particularly as it was entered only eight days after the expiration of the period. Within two weeks after the rendition of the supplemental judgment the defendant secured an extension of time within which to appeal from it, and on August 3d, 1936, made his first motion to vacate and annul the judgment upon the ground that it was not entered within the ninety-day period. Certainly we cannot hold as matter of law that the defendant had waived his right to object to the late entry of judgment. There is no ground

upon which the rendition of the deficiency judgment after the ninety-day period can be sustained.

There is error, and the case is remanded to the trial court with direction to open and vacate the deficiency judgment.

In this opinion the other judges concurred.