RICHARD COUNTRYMAN-BEY *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT  HARTFORD COUNTY  FILE No. 138090

Memorandum filed February 13, 1969

*Trantolo, Lach & Krawiecki,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, for the defendant administrator.

SHAPIRO, J. Judgment was rendered on March 21, 1968, dismissing the appeal. The judgment was corrected on April 16, 1968. On April 30, 1968, a motion was filed to open the corrected judgment. The motion was claimed by counsel on two occasions, being last assigned on the short calendar of June 14,

1968. Counsel did not argue the motion that day on some alleged misunderstanding as to what judge should hear the motion. The plaintiff took no further action until it was again claimed for argument on January 17, 1969, and the matter was presented before the undersigned.

The plaintiff claims that the motion to open the judgment was made before the end of the "term" in which the judgment was rendered and because of that he was timely in asserting a right to argue the motion on January 17, 1969, as being to the "next term." As his authority, he cites *Ferguson* v. *Sabo*, 115 Conn. 619, 621–22. The defendant contends that the court is without power or jurisdiction to entertain the motion since judgment was already rendered and the time limit within which to argue the motion had long since passed.

In *Ferguson* v. *Sabo*, supra, 622, it was held that, if proceedings to vacate or modify a judgment are begun during the term at which it was rendered and are continued to a later term, the matter remains in fieri and the court may act upon it at a subsequent term. It was also held that "[u]nder our established practice all judicial proceedings undisposed of at the end of a term are continued to the next term without special order and this would include the motion." The statutory annual "term" of the Superior Court for the transaction of civil business covers the period of one year commencing on the Friday before the second Tuesday of September. General Statutes § 51-179. The Superior Court shall be deemed continuously in session with four sessions held on the first Tuesday of September, January and April and on the first Tuesday following July 4. § 51-181. A reading of *Cichy* v. *Kostyk,* 143 Conn. 688, gives the clear distinction between a "term" and a "session" of court and makes it clear that the Supreme Court

in *Ferguson* v. *Sabo,* supra, used "term" or "session" as an alternative phrase. Clearly, the distinction is now made by statute. General Statutes §§ 51-179, 51-181. A session is only a part of a term.

In the matter at hand, the one-year term within which the motion was filed ended in September, 1968. The April session during which judgment was rendered ended in July, 1968; the July session ended in early September, 1968; and the September session ended in early January, 1969. See "Sessions— Allotment of Judges, Sept. 3, 1968 to July 8, 1969," p. 7, and that of prior year. Thus, it can be seen that, following the session at which the motion was filed, two succeeding sessions have gone by.

In the interest of the public as well as that of the parties, there must be fixed a time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further by virtue of having been summoned into or having appeared in the case. The lack of jurisdiction is over the parties, for such jurisdiction ends with the term in which judgment is rendered. *Foley* v. *George A. Douglas & Bro., Inc.,* 121 Conn. 377, 380.

The court must conclude that the plaintiff, had his motion been argued during the April session of 1968, or during the subsequent session of July, 1968, would have acted within a proper time limitation. To wait, however, until January, 1969, went beyond the time limitation and the court's jurisdiction. His contention, that having filed the motion in one term entitles him to argue it in the next term, is without merit.

For the reasons given, the court is without power to entertain the motion for any consideration on its merits. Judgment became final, and the opening of it was not seasonably pursued.

The motion must be and is hereby denied.