[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFAULT
The defendant filed an appearance on February 14, 1995, at 9:08 a.m. with the clerk. The plaintiff claims entitlement to a default because under § 114 of the rules of practice, pleadings shall first advance within twenty days of the return date. The return date was January 31, 1995. Pleadings did not so advance within that time. However, that rule must be read with provisions of Section 142, which permit a party contesting jurisdiction to do so even after filing a general appearance provided he files a motion to dismiss "within thirty days of the filing of an appearance." The defendant Prudential moved to dismiss on March 16, 1995, but the plaintiff says that it was not within twenty days of the return date.
 The word "within" is of controlling importance. It means "not longer in time than"; Webster's New International Dictionary, (2d Ed.); "not later than." 69 C.J. 1315; 45 words Phrases (Perm. Ed.); p. 378. The word "within" is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended. Whitford v. Lee, 97 Conn. 554, 561, 117 A. 554. In O'Neil v. Boston, 257 Mass. 414, 415, 153 N.E. 884.
 Maria Lamberti v. City of Stamford, 131 Conn. 396, 398
(1994).
In computing the time period the day of the act from which a future time is to be ascertained is to be excluded from the computation. Austin, Nichols Co., v. Gilman, 100 Conn. 81,84; Lamberti v. Stamford, 131 Conn. 396, 398.
The appearance was filed on February 14, 1995, at 9:08 a.m. That day, as the day of the act from which a future time is to be ascertained, is excluded. Lamberti, supra. Excluding February 14, 1995, fourteen days elapsed in February and the motion was stamped in at 8:55 on the 16th of March, within thirty days of the appearance filing permitted by P.B. § 142.
Since the motion to dismiss was filed within the thirty days, the law allows, the motion for default is denied, and the plaintiff will have to respond to the defendant's jurisdictional challenge.
CT Page 3621 /s/ Flynn, J. FLYNN