[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#117)
The defendant first raised the issue of no supporting reason or affidavit, cast only in terms of noncompliance with Practice Book Section17-43, in its objection to Motion to Open. This was overruled as moot because Silbert, J., had already granted the motion to open. Thereafter, the same argument, again without invoking subject matter jurisdiction, was raised by the defendant's motion for reconsideration addressed to and denied by Silbert, J. The defendant has filed a notice of intent to appeal the decisions of Silbert, J., in granting the plaintiff's motion to open over objection and his subsequent denial of the motion for reconsideration.
Now back for a third time, the same argument is couched in terms of subject matter jurisdiction. This constitutes an improper motion to reargue.
Moreover, on its merits, couching this argument in terms of subject matter jurisdiction does not necessarily make it so. The court has the inherent power to grant a motion to open a judgment. The defendant's argument, in essence, is that the court's exercise of that power is statutorily prescribed and here in excess of that statutory prescription. Subject matter jurisdiction itself is not lost by an improper exercise of such authority as claimed here. At issue is not the court's power but how it may be exercised. The distinction is critical.
While an improper exercise of authority by statute may create a right of appeal it does not deprive the court of subject matter jurisdiction. CT Page 1717 The court's rulings on the motion to open and for reconsideration, even if arguably erroneous, are not void for want of jurisdiction, but simply appealable for lack of authority. This dichotomy is made clear in Kim v.Magnota, 249 Conn. 94 (1999) wherein, the Connecticut Supreme Court stated:
 We observe, finally, that the substantive provisions of § 52-212a are fully enforceable as a limitation on the authority of the trial court to grant relief from a judgment after the passage of four months. Thus construed, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. As Chief Justice Maltbie aptly observed more than sixty years ago, a triaj court judgment rendered after the expiration of an applicable statutory time limitation "is not void for want of jurisdiction of the court to render it . . . [but] unless the party against whom it is rendered consents to its being entered or waives the objection [the judgment] is erroneous." (Citations omitted.) Dime Savings Bank v. Pomeranz, 123 Conn. 581, 583, 196 A. 634 (1938).
P. 104.
By analogy this language is no less applicable here. The defendant's remedy lies in its appeal as noticed. The lack of jurisdiction and the lack of authority are not commensurate.
The absence of subject matter jurisdiction can never be waived. The court has concluded that subject matter jurisdiction is not implicated. Therefore, the plaintiff's claim of a late arriving argument, and it is, has merit.
Motion denied.
Licari, J.