[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Levy Droney, P.C. ("Levy Droney), the defendant in this legal malpractice case, has moved for summary judgment on two grounds: (1) that the statute of limitation has expired on the plaintiff's claim and (2) that the issue of the expiration of the statute of limitation is res CT Page 14717 judicata in a prior suit brought by the plaintiff raising the same claim.
In his complaint, the plaintiff alleges that the defendant law firm's predecessor, Tarlow, Levy Droney, P.C., represented him in a mortgage foreclosure action, Rosenfield v. Cymbala et al., Docket No. CV 90 0060180S, brought in the Judicial District of Middlesex at Middletown. The plaintiff alleges that as a result of the defendant law firm's negligence at a trial on December 1, 1992, the foreclosure action was dismissed at the conclusion of the plaintiff's case and that the dismissal was affirmed on appeal to the Appellate Court.
The defendant asserts as its first special defense that the plaintiff's claims are barred by Conn. Gen. Stat. § 52-577. As a second special defense, the defendant asserts that on or about December 15, 1995, the plaintiff brought an action making the same legal malpractice claim against the defendant that is made in the present case, and that the court, Wagner, J., granted summary judgment to Levy Droney on the ground that the claim was barred by the three-year statute of limitation set forth in Conn. Gen Stat. § 52-577. The defendant invokes the doctrine of res judicata as a defense to the present action.
Standard of review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49 (formerly § 384). Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 . . . (1997)."Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998). See also, Sherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000); Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24 (1999); Alvarez v. NewHaven Register, Inc., 249 Conn. 709, 714 (1999).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact and that the undisputed material fact, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Witt v. St. Vincent's Medical Center, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view CT Page 14718 the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Materials Submitted by the Parties
The movant has appended to its motion for summary judgment the ruling by Judge Wagner, dated April 15, 1997, granting Levy Droney's motion for summary judgment in c Rosenfield v. Levy Droney, P.C., Docket No. CV 96-005691S (Hartford-New Britain J.D. at Hartford). It is uncontested that the plaintiff made the same claim, based on the same events, that he makes in the instant case. Judge Wagner granted the defendant's motion for summary judgment in that case on the ground that the undisputed facts established that the plaintiff had failed to bring suit within three years of the acts claimed to constitute the legal malpractice. Judge Wagner ruled that plaintiff Rosenfield's cause of action accrued on the date of the alleged malpractice, which he found to be December 1, 1992, and that the plaintiff had failed to bring suit within three years of that occurrence, such that his claim was barred by the three-year statute of limitation specified in Conn. Gen. Stat. § 52-577. The parties have submitted no documents indicating that an appeal was taken from Judge Wagner's ruling granting the defendant's motion for summary judgment
The plaintiff does not dispute that Judge Wagner granted summary judgment in favor of Levy Droney in the 1996 case on the same claim that is made in the instant case.
The plaintiff asserts, however, that Judge Wagner's ruling granting summary judgment is not res judicata of the instant suit because of observations made by Judge Peck in a ruling on a motion for summary judgment in a legal malpractice case brought by the plaintiff against Rogin Nassau, the law firm that had represented the plaintiff in the legal malpractice claim that concluded with Judge Wagner's granting of CT Page 14719 summary judgment to the defendant, Levy Droney, P.C. In that ruling,Rosenfield v. Rogin Nassau, 2000 Ct. Sup. 4033 (Apr. 12, 2001), the court, Peck, J, made observations to the effect that Judge Wagner should not have granted Levy Droney's motion for summary judgment because the limitation period was tolled by the continuing course of conduct doctrine recognized by the Supreme Court in such cases as Sherwood v. DanburyHospital, supra, 252 Conn. 202-203, Fichera v. Mine Hill Corp.,207 Conn. 204, 209-10 (1988), and Cross v. Huttenlocher, 185 Conn. 390,400 (1981).
Res judicata
The Connecticut Supreme Court has ruled as follows:
 The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. State ex rel Campo v. Osborn, 126 Conn. 214, 218 . . . (1940); 46 Am.Jur.2d Judgments § 394, pp. 558-59. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196 . . . (1952).
(Emphasis supplied.) Orselet v. DeMatteo, 206 Conn. 542, 544-45 (1988), quoting Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559-60 (1980).
In Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363-64
(1986), quoting In re Juvenile Appeal (83-DE), 190 Conn. 310, 318
(1983), the Supreme Court stated that "[o]ur rules of res judicata are based on the public policy that `a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.'"
Judge Wagner plainly granted judgment in favor of Levy Droney, P.C. with regard to precisely the same claim that the plaintiff makes against that defendant in this case. The plaintiff could have raised in opposition to the statute of limitation defense the claim that the limitation period was tolled because Levy Droney had a continuing relationship with him and engaged in a continuing course of conduct that tolled the running of the statute of limitation. The materials supplied CT Page 14720 to this court in connection with this motion do not indicate whether Rogin Nassau, the law firm that represented the plaintiff in the case in which Judge Wagner entered summary judgment, in fact raised this tolling doctrine in opposition to the motion for summary judgment, but this court has no basis for concluding that the doctrine could not have been raised in that proceeding.
The plaintiff filed no appeal from the judgment that resulted from Judge Wagner's granting the motion for summary judgment in favor of the defendant. Judge Peck's observations to the effect that the motion for summary judgment should not have been granted because the tolling doctrine should have been asserted has no effect on the finality of that judgment. Judges of the Superior Court have no appellate jurisdiction over their peers. Judge Peck's observations do not disturb the finality of the judgment entered by Judge Wagner in favor of Levy Droney, P.C. in the 1996 case. As the Supreme Court stated in CFM of Connecticut,Inc. v. Chowdhury, 239 Conn. 375, 403 (1996), overruled on other grounds, State v. Salmon, 250 Conn. 147, 154 (1999), "a decision of one trial judge that is res judicata is binding on the second judge who confronts it." The Court distinguished rulings that are res judicata from those that are merely the "law of the case," on the basis of whether the prior ruling was final or only interlocutory, a distinction to be decided on the basis of whether the ruling was subject to immediate appeal. Id.
Judge Wagner's ruling granting summary judgment to defendant Levy Droney in the 1996 case was not interlocutory but constituted a final judgment in favor of the defendant. The granting of summary judgment in favor of a defendant is an appealable final order. Practice Book §61-1 authorizes an appeal from a "final judgment." Practice Book §61-2 provides that "[w]hen judgment has been rendered on an entire complaint . . . whether by . . . summary judgment pursuant to Section 17-44, or otherwise, such judgment shall constitute a final judgment." Pursuant to the principle set forth in CFM of Connecticut, Inc. v.Chowdhury, supra, 239 Conn. 375, Judge Wagner's granting of summary judgment must be given res judicata effect, and the plaintiff's option was to appeal from it, not to collaterally attack it in a new action raising the same claim that was concluded by that judgment. Judge Peck's opinion that Rogin, Nassau should have invoked tolling doctrines and that Judge Wagner should have applied them and denied Levy Droney's motion for summary judgment in the 1996 case has no effect on the finality of the judgment in the 1996 case, in which summary judgment was in fact granted in favor of Levy Droney. While plaintiff Rosenfield was certainly free to appeal from Judge Peck's ruling granting summary judgment in favor of Rogin, Nassau in his legal malpractice claim against that firm, and has, in fact done so, Judge Peck's view that Judge Wagner should not have granted summary judgment in favor of Levy Droney does CT Page 14721 not alter the fact that he did so, and that his ruling constituted a final judgment whose res judicata effect bars the plaintiff from filing again the same claim that was concluded by the judgment entered in favor of defendant Levy Droney in that case.
Statute of Limitation Defense
Because this court has concluded that the parties litigated the statute of limitation defense in the 1996 case decided in the defendant's favor by Judge Wagner, and because this court has concluded that that ruling must be accorded res judicata effect, this court cannot undertake its own review of the statute of limitation defense.
Conclusion
The motion for summary judgment is granted on the ground that Judge Wagner's ruling must be accorded res judicata effect.
Beverly J. Hodgson Judge of the Superior Court